IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:20-CV-59-FL

| | |
|---|---|
| ANTHONY WAYNE BELL, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 20, 24). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 26), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For following reasons, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion for judgment on the pleadings is granted.

## BACKGROUND

On June 8, 2017, plaintiff filed an application for supplemental security income, alleging disability beginning May 23, 2012. The application was denied initially and upon reconsideration. A hearing was held on February 5, 2019, before an administrative law judge ("ALJ"), who determined that plaintiff was not disabled in a decision dated April 17, 2019. After the appeals

council denied plaintiff's request for review, plaintiff commenced the instant action on April 2, 2020, seeking judicial review of defendant's decision.

## DISCUSSION

A.     Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[1] The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

---

[1]     Internal citations and quotation marks are omitted from all citations unless otherwise specified.

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date, June

8, 2017. At step two, the ALJ found that plaintiff had the following severe impairments: spine disorder with history of fusion L3, L4, L5; degenerative disc disease, diabetes mellitus; polyneuropathy; and arthritis. However, at step three, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> occasional use of the upper extremities to lift, reach, pull and push overhead and otherwise; frequent use of the upper extremities to lift, reach, pull and reach in all directions; frequent use of the upper extremities to grasp, finger, feel, and handle bilaterally; occasional stooping, kneeling, crouching, climbing of stairs and ramps, and in using the lower extremities to operate foot and leg controls; with no climbing of ladders, ropes, or scaffolds; occasional exposure to temperature extremes; no working around dangerous moving mechanical parts or at unprotected heights; with the option to alternative between sitting, standing, and walking every 30 minutes; would not need to leave the work station except for regularly scheduled breaks, in an eight-hour workday comprised of regularly scheduled breaks and interruptions that may take the claimant off task no more than 10% of an eight-hour work schedule; and the claimant can sit for a total of six hours, and stand and walk for a combined total of three hours.

(Tr. 16-17). At step four, the ALJ concluded plaintiff is unable to perform any past relevant work. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

In his objections, plaintiff argues that the ALJ erred by finding that plaintiff had the residual functional capacity to perform sedentary work, in light of his 1) treatment for back pain, leg pain, and weakness; 2) limitations due to diabetes; and 3) need to be off task more than fifteen percent of the workday due to pain. Plaintiff, however, identifies no particular error in the analysis of the M&R. Instead, plaintiff restates similar arguments and cites the same evidence cited in his motion

4

for judgment on the pleadings. (See, e.g., Pl.'s Obj. (DE 27) at 5; Pl.'s Mem. (DE 21) at 8-9). Upon careful review of the record, the court finds that the magistrate judge already has addressed cogently the arguments set forth in plaintiff's objections, and plaintiff raises no new issues for the court to review de novo. See Orpiano, 687 F.2d at 47. Nonetheless, having reviewed the entire record de novo, the court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R in full. See 28 U.S.C. § 636(b)(1). Notably lacking is citation to medical evidence in the record supporting plaintiff's arguments, in light of the ALJ's thorough review and description of the medical evidence and plaintiff's testimony. (See, e.g., Tr. 17-23).

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (DE 20) is DENIED, and defendant's motion for judgment on the pleadings (DE 24) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of September, 2021.

LOUISE W. FLANAGAN
United States District Judge